# EXHIBIT A

1  CALL & JENSEN
2  A Professional Corporation
   Matthew R. Orr, Bar No. 211097
3  Nilab Rahyar Tolton, Bar No. 272810
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA  92660
   Tel:   (949) 717-3000
5  Fax:   (949) 717-3100
   morr@calljensen.com
6  ntolton@calljensen.com
7
   RUMBERGER KIRK & CALDWELL
8  A Professional Association
   Daniel J. Gerber, Florida Bar No. 0764957 (Pro Hac Vice Pending)
9  300 South Orange Avenue, Suite 1400 (32801)
   Post Office Box 1873
10 Orlando, Florida  32802-1873
   Tel:  (407) 872-7300
11 Fax:  (407) 841-2133
   dgerber@rumberger.com (primary)
12 docketingorlando@rumberger.com and
   dgerbersecy@rumberger.com (secondary)
13
14
   Attorneys for Defendants Vitamin Shoppe Industries LLC,
15 erroneously sued as The Vitamin Shoppe, Inc.,
   Nutraceutical Corporation, and Seychelles Organics, Inc.
16
17              **UNITED STATES DISTRICT COURT**
18
              **CENTRAL DISTRICT OF CALIFORNIA**
19

| 20  JEANNE FJELSTAD, | Case No.  2:20-cv-07323 ODW (AFMx) |
|---|---|
| 21          Plaintiff, | **AMENDED NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441** |
| 22  vs. | |
| 23  THE VITAMIN SHOPPE, | |
| 24  NORTHRIDGE, a California entity; NUTRACEUTICAL CORPORATION; | [Filed concurrently with Certification of Interested Parties, Notice to Adverse Party of Removal] |
| 25  SEYCHELLES ORGANICS, INC.; VITAMIN SHOPPE, INC.; and DOES 1 | |
| 26  through 100, inclusive,, | |
| 27          Defendants. | |
| 28  | Complaint Filed:   January 3, 2020 Trial Date:         None Set |

- 1 -
AMENDED NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.§1441

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Vitamin Shoppe Industries LLC, erroneously sued as The Vitamin Shoppe, Inc., Nutraceutical Corporation, and Seychelles Organics, Inc. ("Defendants") hereby remove to the United States District Court for the Central District of California, Western Division, the state court action described below. This removal is based on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2.   This action was filed in Los Angeles County Superior Court. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c) and 1446(a).

## III.   PROCESS, PLEADINGS AND ORDERS

3.   Plaintiff Jeanne Fjelstad filed her Complaint against Defendants on January 3, 2020 in the Superior Court of California for the County of Los Angeles.[1] The Complaint was entitled *Jeanne Fjelstad*, *Plaintiff*, *vs. Defendant The Vitamin Shoppe*,

---

[1] (*See* Declaration of Nilab Rahyar Tolton, "Tolton Decl.", ¶ 2, Ex. A.) In addition to Defendants, Plaintiff also names a non-existent entity, The Vitamin Shoppe, Northridge. (*See* Declaration of Carlos Lopez, ¶ 11.)

*Northridge*, *a California entity*; *Nutraceutical Corporation*; *Seychelles Organics*, *Inc.*; *Vitamin Shoppe*, *Inc.*; *and Does 1 through 100*, *inclusive*, *Defendants*, Case No. 20STCV00199 ("Complaint").

4.     The Complaint asserts causes of action against Defendants for: (1) Negligence; (2) Strict Products Liability; (3) Failure to Recall/Retrofit; and (4) Breach of Implied Warranty.

5.     On March 18, 2020, Plaintiff served on Defendants, through Defendants' agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) a Civil Case Cover Sheet Addendum and Statement of Location; (4) a Notice of Case Assignment; and (5) Notice of Posting Jury Fees. True and Correct copies of the aforementioned documents are attached collectively as Exhibit A to the Tolton Declaration, ¶ 2.

6.     On April 27, 2020, Defendants each filed an Answer to the Complaint, true and correct copies of which are attached collectively as Exhibit B to the Tolton Declaration, ¶ 3.

7.     As of the date of this Notice of Removal, no other parties, with the exception of the non-existent "The Vitamin Shoppe, Northridge" have been named or served with the Summons and Complaint in this action, and "The Vitamin Shoppe, Northridge" has not been served in this action. (Tolton Decl., ¶ 4.)

8.     The documents attached as Exhibits A and B to the Tolton Declaration constitute all of the pleadings and process that have been filed or received by Defendants in this action. The attachment satisfies the requirements of 28 U.S.C. section 1446(a). To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles County Superior Court or served by any party other than as described above. (*See* Tolton Decl., ¶ 5.)

## IV.   **TIMELINESS**

9.     This removal notice is timely filed as required by 28 U.S.C. § 1446(b). Plaintiff filed the Complaint in this action on January 3, 2020. The Complaint was served on March 18, 2020, but was indeterminate as to the amount of controversy and Plaintiff's citizenship. On July 16, 2020, in response to Defendant Vitamin Shoppe Industries LLC's Special Interrogatories, Plaintiff served discovery responses that, for the first time, identified Plaintiff as a citizen of California. (Tolton Decl., ¶ 6, Ex. C, Plaintiff's Responses to Interrogatory Nos. 5-6, 9-10.) Plaintiff's discovery responses also, ~~for the first time,~~ included a "partial, early" itemization of Plaintiff's claimed damages totaling well in excess of $75,000. (*Id.* at Plaintiff's Response to Interrogatory No. 5.) Defendants bring this removal motion within 30 days of discovery of Plaintiff's citizenship and amount in controversy, therefore, removal is timely.

## V.   **DIVERSITY JURISDICTION**

10.     The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> –
>
> (1) citizens of different States. . .

11.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.   **Diversity of Citizenship**

12.     To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. *Kantor v.*

*Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual is a citizen of any state where he or she domiciled at the time the lawsuit is filed. *Id.*; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship).

13.    On or about July 16, 2020, Defendants received Plaintiff's Responses to Defendant Vitamin Shoppe Industries LLC's Special Interrogatories, Set One ("SRog Responses"). A true and correct copy of this document is attached as Exhibit C to the Tolton Declaration. In the SRog Responses, Plaintiff stated the following information that she had not previously provided to Defendants in any pleading, motion, order, or other paper: (a) Plaintiff was a permanent resident of California at the time she filed the Complaint in this matter (SRog Response No. 9); (b) Plaintiff resided in California at the time she purchased the product that is the subject of her Complaint (SRog Response No. 5); (c) Plaintiff resided in California at the time she suffered the injury alleged in her Complaint (SRog response No. 6); and (d) Plaintiff intends to remain in California (SRog Response No. 10). (*See* Tolton Decl., ¶ 6, Ex. C.)

14.    At the time this action was commenced in state court, Defendant Vitamin Shoppe Industries LLC, erroneously sued as The Vitamin Shoppe, Inc., was and still is, a New York limited liability company with its principal place of business at 300 Harmon Meadow Blvd., Secaucus, NJ 07094. (*See* Declaration of Carlos Lopez, "Lopez Decl.", ¶¶ 3-4.) The citizenship of the owners/members of Vitamin Shoppe Industries LLC is as follows: Vitamin Shoppe Industries LLC is a single-member LLC, and that member is Valor Acquisition, LLC ("Valor"). (*Id.*, ¶ 5.) Valor is also the sole owner of Vitamin Shoppe Industries LLC. (*Id.*) Valor was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*) Valor is a single-member LLC, and that member is Franchise Group Newco V, LLC ("Newco"). (*Id.*, ¶ 6.) Newco is also the sole owner of Valor.

(*Id.*) Newco was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*) Newco is a single-member LLC, and that member is Franchise Group Intermediate V, LLC ("FGIV"). (*Id.*, ¶ 7.) FGIV is also the sole owner of Newco. (*Id.*) FGIV was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*) FGIV is a single-member LLC, and that member is Franchise Group Intermediate Holdco, LLC ("FGIH"). (*Id.*, ¶ 8.) FGIH is also the sole owner of FGIV. (*Id.*) FGIH was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*) FGIH is a single-member LLC, and that member is Franchise Group New Holdco, LLC ("FGNH"). (*Id.*, ¶ 9.) FGNH is also the sole owner of FGIH. (*Id.*) FGNH was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*) FGNH is a single-member LLC, and that member is Franchise Group, Inc. ("FG"). (*Id.*, ¶ 10.) FG is also the sole owner of FGNH. (*Id.*) FG was registered in the state of Delaware with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. (*Id.*)

15.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16.    An LLC's citizenship is determined by the citizenships of each of its members. Where an LLC is a member of another LLC, the citizenship of the sub-member LLC is likewise defined by the citizenships of its own members. *19th Capital Grp., LLC v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOX), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018).

17.    At the time this action was commenced in state court, Defendant Nutraceutical Corporation was, and still is, a Delaware Corporation also registered to do business in Utah. Nutraceutical Corporation's principal place of business is located at

AMENDED NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.§1441

1  1777 Sun Peak Drive, Park City, Utah 84098. (*See* Declaration of Jeff Burchfield[2]

2  ("Burchfield Nutraceutical Decl."), ¶ 2.)

3      18.    At the time this action was commenced in state court, Defendant

4  Seychelles Organics, Inc. was, and still is, is a Delaware corporation. Seychelles

5  Organics, Inc.'s principal place of business is located at 1777 Sun Peak Drive, Park

6  City, Utah 84098. (*See* Declaration of Jeff Burchfield[3] ("Burchfield Seychelles Decl."),

7  ¶ 2.)

8      19.    No other party has been named or served as of the date of this removal.

9  The presence of Doe defendants in this case has no bearing on diversity with respect to

10  removal. See 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

11  citizenship of defendants sued under fictitious names shall be disregarded").

12      20.    Thus, as set forth above, Plaintiff is a citizen of California, and Defendants

13  are citizens of Delaware, Utah, New Jersey, and Virginia. Accordingly, the minimal

14  diversity requirement of 28 U.S.C. § 1332(d)(2)(a) is satisfied.

15      **B.    The Amount in Controversy Exceeds $75,000**

16      21.    This Court has jurisdiction over this case because the amount placed in

17  controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and

18  costs. 28 U.S.C. § 1332(a).

19      22.    While Plaintiff provided certain documents purporting to itemize certain of

20  Plaintiff's hospital bills prior to the service of the Complaint in this matter, it was only

21  after service of Plaintiff's discovery responses wherein she claimed a "partial, early"

22  itemization of damages in excess of $800,000 that the amount in controversy in excess

23  of $75,000 was established. (Tolton Decl., ¶ 6, Ex. C.)   Plaintiff's Complaint

24  additionally seeks pecuniary and economic losses, including loss of income, wages,

25  support, and earning potential, and costs of suit. (Compl. at p. 15.)

26  ─────────────────

27  [2] Jeff Burchfield submits two declarations in support of this Notice of Removal, one on behalf of Defendant Nutraceutical Corporation and another on behalf of Defendant Seychelles Organics, Inc. This citation refers to the Burchfield Declaration on behalf of Nutraceutical Corporation.

28  [3] This citation refers to the Burchfield Declaration on behalf of Seychelles Organics, Inc.

23.     Specifically, in the SRog Responses, Plaintiff sets forth a "partial, early" damages calculation including the following amounts that had not previously been provided to Defendants in any pleading, motion, order, or other paper: (a) Grossman Medical Group, 1/11/18 – 3/25/19, $32,587.42; and (b) West Hills Hospital, 1/11/18 – 8/3/19, $856,632.60 (SRog Response No. 1) (*See* Tolton Decl., ¶ 6, Ex. C).

24.     If the allegations in the original pleading do not meet the jurisdictional amount in controversy, "the Defendant may rely upon discovery responses . . . regarding the amount in controversy." *Amezquita v. JC Penney Corp., Inc.*, No. 1:18-CV-0177-AWI-SAB, 2018 WL 1181675, at *2 (E.D. Cal. Mar. 7, 2018).

25.     Here, although Defendants do not concede Plaintiff's claims have any merit, the more than $800,000 claimed in damages in discovery responses to date is controlling for jurisdictional purposes. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI.     NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

26.     Promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of Los Angeles.

## VII.     CONCLUSION

For the reasons set forth above, Defendants remove Plaintiff's Complaint filed in the Superior Court of the State of California, Los Angeles County, from that state court to this Court.

Dated:  August 13, 2020                     CALL & JENSEN
                                            A Professional Corporation
                                            Matthew R. Orr
                                            Nilab Rahyar Tolton


                                  By:*/s/ Matthew R. Orr* _____

- 8 -

1    Matthew R. Orr

2    Attorneys for Defendants Vitamin Shoppe
3    Industries LLC, erroneously sued as The
     Vitamin Shoppe, Inc., Nutraceutical
4    Corporation, and Seychelles Organics, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.§1441