1
2
3
4
5
6
7

**O**
**JS-6**

# United States District Court
# Central District of California

11  JEANNE FJELSTAD,

12          Plaintiff,

13      v.

14  VITAMIN SHOPPE INDUSTRIES LLC, et al.,

16          Defendants.

Case № 2:20-CV-07323 ODW (AFMx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [22] AND DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL [20]**

## I.   INTRODUCTION

On August 13, 2020, Defendant Vitamin Shoppe Industries, LLC ("Vitamin Shoppe"), erroneously sued as The Vitamin Shoppe, Inc., Nutraceutical Corporation, and Seychelles Organics, Inc., removed this action from the Los Angeles Superior Court on the basis of diversity jurisdiction.  (Notice of Removal ("Notice") ¶¶ 2, 10–25, ECF No. 1.)  Now before the Court is Plaintiff Jeanne Fjelstad's Motion to Remand on the basis that removal was untimely under 28 U.S.C. § 1446(b)(1).  (Mot. to Remand ("Mot."), ECF No. 22.)  For the reasons that follow, the Court **GRANTS** Fjelstad's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

This case arises from Fjelstad's claims that she was injured by using Vitamin Shoppe's product, Life-Flo Pure Magnesium Oil.  (*See* Notice Ex. A ("Compl."), ECF No. 1-1.)  Relevant for present purposes, Fjelstad alleges in her Complaint that she is a "resident" of California.  (*Id.* ¶ 4.)  She further alleges Vitamin Shoppe's product caused her to suffer "severe third degree burns to her breast, chest, and torso."  (*Id.* ¶ 5.)  As a result of her injuries, Fjelstad alleges she "required hospitalization, skin graft surgery, debridement and skin harvesting from [her] own body" and "will require additional medical care and rehabilitative care."  (*Id.*)  Fjelstad seeks general damages, including compensation for "emotional distress, pain, discomfort, and anxiety" caused by her injuries.  (*Id.* ¶ 23, p. 15.)  Additionally, she claims lost wages and loss of earning capacity because "she will be permanently incapacitated to a significant extent and unable to perform certain types of work activities and other activities related to her career."  (*Id.* ¶ 24, p. 15.)

Fjelstad filed her Complaint in state court on January 3, 2020.  (Notice ¶ 3.)  On February 12, 2020, at Vitamin Shoppe's request, Fjelstad provided Vitamin Shoppe with copies of her medical records and bills totaling over $500,000.  (Mot. 6, 20–21.)  Fjelstad then served Vitamin Shoppe with the Complaint on March 18, 2020.  (Notice ¶ 5.)  On July 16, 2020, Fjelstad stated in discovery responses that she intended to remain in California, and she provided Vitamin Shoppe with a partial itemization of her claimed damages exceeding $800,000.  (Opp'n 3, 6; Notice ¶ 22.)  Then, on August 13, 2020, Vitamin Shoppe removed the case to this Court based on alleged diversity of citizenship jurisdiction.  (Notice ¶¶ 10–25.)[2]

---

[2] On September 8, 2020, Vitamin Shoppe filed a Motion for Leave to File an Amended Notice of Removal.  (Mot. Leave to Amend Notice, ECF No. 20.)  Because the proposed amendment would not affect the Court's disposition of Fjelstad's Motion, the Court need not consider the merits of Vitamin Shoppe's motion for leave.  Rather, in light of the Court's decision to remand this action, Vitamin Shoppe's motion (ECF No. 20) is **DENIED** as moot.

Now, Fjelstad moves to remand.  In short, Fjelstad argues that Vitamin Shoppe's thirty-day removal period began to run when Vitamin Shoppe was served with the Complaint.  (*See* Mot.)  Vitamin Shoppe counters that its thirty-day removal period did not begin to run until much later, when Fjelstad responded to discovery requests identifying her domicile and specifying that the amount in controversy exceeded $75,000.  (*See* Opp'n, ECF No. 23.)

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* §§ 1331, 1332(a).  The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Id.*

"[A] notice of removal [must] be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1), (b)(3)).  Such "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

## IV.   DISCUSSION

Fjelstad contends that Vitamin Shoppe's removal was untimely, as Vitamin Shoppe removed the action more than thirty days after being served with the Complaint.

(*See* Mot.)   Fjelstad maintains that the Complaint contains sufficient information to ascertain removability under diversity of citizenship jurisdiction because it (1) states that Fjelstad is a resident of California, and (2) specifically identifies alleged injuries, treatment, and other damages that make it "obvious" the amount in controversy exceeds $75,000.[3] (Mot. 8–12.)   The Court addresses these issues in turn.

## A.   Diversity of Citizenship

First, the Complaint states that Fjelstad "was and is, at all times herein mentioned, a resident of The State of California, County of Los Angeles." (Compl. ¶ 4.)   Fjelstad contends this statement sufficiently placed Vitamin Shoppe on notice that she is a California citizen for purposes of diversity jurisdiction. (Mot. 8–9.)   In opposition, Vitamin Shoppe asserts that an individual's citizenship is determined by where she is domiciled, and a domicile requires not only residence but also an intent to remain at that residence. (Opp'n 5.)   Thus, Vitamin Shoppe argues that its thirty-day removal period began on July 16, 2020, when Fjelstad stated for the first time, through discovery responses, that she intended to remain living at her California residence. (Opp'n 6.)

For diversity jurisdiction purposes, an individual's citizenship is determined by where they are domiciled, and an individual's domicile is the location in which "she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotations marks and brackets omitted).   Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because "a person's residence is prima facie evidence of domicile and citizenship." *Lee v. BMW of N.A, LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16,

---

[3] Fjelstad also argues that Vitamin Shoppe knew the amount in controversy exceeded $75,000 because she provided Vitamin Shoppe with copies of her medical bills exceeding $500,000 on February 12, 2020.   Because the Court finds the Complaint establishes removability on its face, it need not consider whether Fjelstad's February 12, 2020 correspondence constitutes an "other paper" under 28 U.S.C. § 1446(b)(3).

2019) (finding allegation of citizenship in notice of removal, based only on plaintiff's statement of residence in the complaint, sufficient to establish diversity jurisdiction); *Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (same); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . .").

Here, as in *Lee* and *Coronel*, Fjelstad clearly states in her Complaint that she is a California resident. (Compl. ¶ 4.)   The Court finds the Complaint sufficient to put Vitamin Shoppe on notice of diversity of citizenship because Fjelstad's statement of her residence is prima facie evidence of her domicile. *See Lee*, 2019 WL 6838911, at *2; *Coronel*, 2020 WL 550690, at *2.

Moreover, the cases on which Vitamin Shoppe primarily relies, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001), and *Mondragon v. Capitol One Auto Finance*, 736 F.3d 880 (9th Cir. 2013), are distinguishable from the present case. Vitamin Shoppe contends that under *Kanter*, residency alone is insufficient to establish citizenship.   (Opp'n 5.)   But the court in *Kanter* did not address whether residency alleged *in a complaint* constitutes prima facie evidence of citizenship for purposes of ascertaining removability.   265 F.3d at 856–58.   Rather, the *Kanter* court merely affirmed remand where the defendant failed to include any allegation of the plaintiff's citizenship *in the notice of removal* itself.   *Id.* at 857–58 ("Since the party asserting diversity jurisdiction bears the burden of proof, [the defendant]'s failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction." (citation omitted)).   Nothing in *Kanter* suggests that a defendant cannot rely on a complaint's allegations of residency to ascertain removability.

Further, Vitamin Shoppe cites *Mondragon* for the proposition that the Ninth Circuit does not recognize residence as prima facie evidence of citizenship. (Opp'n 5.) But that is a mischaracterization of *Mondragon*.   There, the court expressly declined to consider whether residence constitutes prima facie evidence of citizenship for

ascertaining removability.  *Mondragon*, 736 F.3d at 886 ("Because the issue [of whether residence is prima facie evidence of citizenship] is not squarely presented by this appeal, we decline to reach that issue here.").  In any event, Vitamin Shoppe fails to explain why the Court should not follow the Supreme Court's longstanding holding to the contrary.  *See Anderson*, 138 U.S. at 706; *Lee*, 2019 WL 6838911, at *2 ("The holding of *Anderson* would appear to be binding . . . .").

For these reasons, the Court finds that Fjelstad's Complaint sufficiently notified Vitamin Shoppe of diversity of citizenship between the parties.

**B.    Amount in Controversy**

Second, Fjelstad contends that her Complaint makes it obvious her "damages exceed the $75,000 jurisdictional threshold" because it describes Fjelstad's injuries, treatment, need for future treatment, general damages, wage losses, and loss of earning capacity.   (Mot. 10–12.)   In opposition, Vitamin Shoppe argues that Fjelstad's Complaint improperly requires it to use "subjective knowledge" or "make further inquiry" to establish that her damages meet the jurisdictional threshold.   (Opp'n 7 (quoting *Harris*, 425 F.3d at 694).)

It is true the thirty-day period for removal begins with service of the complaint "only . . . if the case stated by the initial pleading is removable on its face," and a defendant has no duty to investigate indeterminate pleadings.   *Harris*, 425 F.3d at 694–96.   Nevertheless, a complaint "may put a defendant on notice of removability without alleging damages of a specific dollar amount."  *Calkins v. Sw. Airlines Co.*, No. 2:19-cv-01215-SVW-MRW, 2019 WL 1553665, at *2 (C.D. Cal. Apr. 10, 2019).

When the complaint does not state a specific dollar amount, a court may still "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount" is satisfied.  *Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *1 (C.D. Cal. Oct. 2, 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Relevantly, in cases alleging "severe injuries, especially those requiring surgery, courts have found it facially apparent from

the complaint that the amount in controversy was satisfied" despite the plaintiffs' failure to plead a dollar amount.  *Id.* at *1–2  (finding amount in controversy established by allegations of severe injuries requiring surgery, including an umbilical hernia and a permanent scar, as well as loss of income and earning potential); *see also, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (same, based on allegations of head trauma, broken bones, and a deep laceration to his leg in his complaint); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (same, based on alleged injury to four body parts, permanent disfigurement and disability, and loss of wages and earning capacity).

Here, Fjelstad's Complaint identifies the nature and severity of her alleged injuries, stating that she sustained third-degree burns to her breast, chest, and torso. (Compl. ¶ 5); *see Hammarlund*, 2015 WL 5826780, at *2; *Campbell*, 2006 WL 707291, at *3.  Further, the Complaint specifies the extent of Fjelstad's medical treatment, which included "hospitalization, skin graft surgery, debridement and skin harvesting from [her] own body."  (Compl. ¶ 5.); *see Hammarlund*, 2015 WL 5826780 at *2.  Further yet, Fjelstad alleges she "will require additional medical care and rehabilitative care," and seeks compensation for "emotional distress, pain, discomfort, and anxiety" caused by her injuries.  (*Id.* ¶¶ 5, 23, p. 15.)  Due to these injuries, Fjelstad alleges "she will be permanently incapacitated to a significant extent and unable to perform certain types of work activities and other activities related to her career," resulting in wage loss and loss of earning capacity.  (*Id.* ¶ 24, p. 15.)  Given the extent and specificity of Fjelstad's allegations, the Court finds it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.  *See Hammarlund*, 2015 WL 5826780 at *1–2; *Campbell*, 2006 WL 707291, at *3.

In summary, Fjelstad's Complaint sufficiently notified Vitamin Shoppe of diversity of citizenship and the amount in controversy exceeding $75,000.  Thus, removability was ascertainable from the time Vitamin Shoppe received the Complaint, and Vitamin Shoppe's removal period began to run on March 18, 2020.  (*See* Notice

¶ 5.)   Vitamin Shoppe had until April 18, 2020, to remove this case.   28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).  Yet Vitamin Shoppe did not remove the action until August 13, 2020, well beyond this deadline.  Consequently, the Court finds that Vitamin Shoppe's removal was untimely, and Fjelstad's Motion to remand is **GRANTED**.

## C.   Attorney's Fees

Lastly, Fjelstad requests an award of fees and costs incurred as a result of Vitamin Shoppe's removal.  (Mot. 21–22.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The standard for awarding fees should turn on the reasonableness of removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  But "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, to assess reasonableness the court must determine "whether the relevant case law clearly foreclosed the defendant's basis of removal."  *Id.* at 1066.

Here, a fee award is not appropriate.  Though the Court ultimately finds Vitamin Shoppe's arguments unpersuasive, they are not so objectively unreasonable as to warrant an award of attorneys' fees.  Indeed, because there is no bright-line rule governing whether a Complaint's allegations of severe injuries and extensive medical treatment establish the amount in controversy, case law does not "directly foreclose Defendant's argument" regarding removability.  *Castillo v. Tamara Mellon Brand, Inc.*, No. CV 19-10466-GW-MRWx, 2020 WL 703693, at *3 (C.D. Cal. Feb. 10, 2020) (denying fee award because removal was not objectively unreasonable "in the absence of binding precedent").  Accordingly, Fjelstad's fee request is **DENIED**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 22) and **REMANDS** this action to the Superior Court of the State of

California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California, 90014.  All dates and deadlines in this action are **VACATED**.  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

February 3, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**